UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERJIT S., | No. 1:26-cv-00162-KES-SKO (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| MINGA WOFFORD, Mesa Verde ICE Processing Center Facility Administrator; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States, | |
| Respondents. | |

Petitioner is a former immigration detainee proceeding with a petition for writ of habeas corpus.

On January 10, 2026, Petitioner filed the instant petition, (Doc. 1), and a motion for temporary restraining order, (Doc. 2), contending his re-detention without a pre-deprivation bond hearing violates the Due Process Clause of the Fifth Amendment. The District Court ordered Respondents to show cause why the Court should not grant the motion for temporary restraining order, and specifically directed Respondents to address whether there were any factual or legal issues in this case that rendered it distinguishable from the Court's prior orders in Clene C.D. v.

1

Robbins, No. 1:25-CV-01463-KES-SKO (HC), 2025 WL 3492118 (E.D. Cal. Dec. 4, 2025), Carmen G.C. v. Robbins, No. 1:25- CV-01648-KES-HBK (HC), 2025 WL 3521304 (E.D. Cal. Dec. 8, 2025); Bilal A. v. Wofford, No.1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); W.V.S.M. v. Wofford, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), or indicate the matter is not substantively distinguishable. (Doc. 5.)

Respondents filed a response to the order to show cause on January 14, 2026. (Doc. 9.) Respondents did not identify any factual or legal issues in this case that distinguished it from the cases cited in the Court's minute order.  (Doc. 9.)

On January 14, 2026, the District Court converted the motion for temporary restraining order into a motion for preliminary injunction and granted the injunction for the same reasons stated in those previous orders. (Doc. 11.) The Court ordered Respondents to release Petitioner immediately and enjoined and restrained Respondents from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. (Doc. 11 at 2.) The matter was referred to the undersigned for further proceedings.

On February 5, 2026, the Court issued an order directing the parties to advise whether they intended to stand on the submissions to date, or whether the parties wished to provide additional briefing. On February 5, 2026, Petitioner filed a response indicating his intent to stand on his submissions. (Doc. 13.) On February 6, 2026, Respondents filed a response raising the same arguments previously presented and rejected. (Doc. 14.)

The Court has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Court's order granting a preliminary injunction, (Doc. 11), that Petitioner's re-detention without a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment, and the petition should be granted.

## RECOMMENDATION

Accordingly, the Court hereby RECOMMENDS that the petition be GRANTED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:    **February 10, 2026**                  /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

3